JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612-5217
    Telephone: (510) 637-3929
    Facsimile: (510) 637-3724
    E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 07-00775 DLJ |
|---|---|
| Plaintiff, | ) STIPULATION AND [PROPOSED] |
| v. | ) ORDER CONTINUING HEARING DATE<br>) AND EXCLUDING TIME |
| ALEJANDRO BARAJAS, | ) |
| Defendant. | ) |

    Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

    1.    A hearing for a change of plea in this matter is currently scheduled for 9 a.m. on Friday, April 4, 2008.

    2.    The parties request that this hearing be continued until 9 a.m. on Friday, June 6, 2008, in order to provide counsel for the government and defendant with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

1  3. Previously, the parties requested that the Court order the United States Probation Office to prepare a pre-plea presentence report as to defendant's criminal history only. That report was disclosed to the parties on March 21, 2008. According to the report, it appears that contrary to the parties' expectations, defendant is not safety-valve eligible. Consequently, defendant's counsel is not prepared to proceed with a change of plea at the hearing currently scheduled for April 4 and instead requires additional time to review and analyze the discovery, review and analyze the contents of the pre-plea presentence report, and to consult with the defendant in order to decide whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter. Accordingly, the defendant requests that the Court vacate the currently scheduled hearing on April 4, 2008, and set a hearing for change of plea or trial setting on June 6, 2008.

4. Thus, the parties respectfully request that the Court find that the time period from April 4, 2008, to June 6, 2008, is excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defendant and defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: April 3, 2008          /s/
                              GARTH HIRE
                              Assistant United States Attorney

                              Attorney for United States of America

Dated: April 3, 2008          /s/
                              DEBORAH LEVINE

                              Attorney for Defendant
                              Alejandro Barajas

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES.  THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled April 4, 2008, hearing is vacated.  A hearing for change of plea or trial setting is now scheduled for 9:00 a.m. on June 6, 2008.

2. The time period from April 4, 2008, to June 6, 2008, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: _____

                                      HONORABLE D. LOWELL JENSEN
                                      UNITED STATES DISTRICT JUDGE